UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN R. TAFT,<br><br>Petitioner,<br><br>v.<br><br>JOEL MARTINEZ,<br><br>Respondent. | No. 1:18-cv-00412-DAD-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION**<br><br>**(Doc. 16)** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges his Due Process Rights were violated during a prison disciplinary hearing when the disciplinary hearing official served both as the senior hearing officer and participated in the decision to place Petitioner in administrative segregation pending resolution of an investigation. Respondent, Joel Martinez, Warden of the Sierra Conservation Center, moves to dismiss the petition as unexhausted and procedurally defaulted. The undersigned agrees that the petition is unexhausted and procedurally defaulted and recommends that the Court grant Respondent's motion to dismiss.

I.   **Procedural and Factual Background**

On November 26, 2012, the Investigative Services Unit ("ISU") at Deuel Vocational Institution ("DVI") completed an investigation into inmate extortion occurring in the Special Processing Unit. The investigation led to charges against four inmates, including Petitioner, for extortion of inmates.

On December 5, 2012, Correctional Officer R. Willox ("Willox") issued a rules violation report ("RVR") to Petitioner for extortion in violation of California Code of Regulations title 15, § 3005(a). Senior Hearing Officer Lieutenant D. Robinson ("Robinson") held a RVR hearing on January 3, 2013. At the hearing Petitioner pled guilty, did not call any witnesses, but answered questions posed by Robinson.

Based on his review of the RVR and supporting evidence, Robinson found Petitioner guilty of extortion based on "a significant amount of evidence." In support of his decision, Robinson cited Willox's report, which summarized the results of the investigation; Petitioner's testimony during the hearing; and confidential memoranda. As punishment, Robinson imposed a 120-day credit forfeiture.

In February 2013, Petitioner administratively appealed the disciplinary decision, challenging the sufficiency and reliability of the evidence supporting the guilty decision. Petitioner's appeal was denied at the second level on March 14, 2013, and at the third level on May 22, 2013.

On April 1, 2014, Petitioner filed a petition for writ of habeas corpus with Tuolumne County Superior Court and the petition was subsequently transferred to the San Joaquin County Superior Court. Petitioner alleged six grounds for habeas relief: (1) Petitioner was denied due process when Robinson served as the senior hearing officer and participated in the decision to place Petitioner in administrative segregation pending resolution of the investigation; (2) the confidential information

2

used at the hearing was not approved by a correctional captain to be placed in his central file, in violation of California Code of Regulations title 15, § 3321(d)(2); (3) Petitioner was not provided all non-confidential documents used at his disciplinary hearing; (4) the confidential information used at the hearing violated § 3321(d); (5) cumulative error; and (6) Petitioner was not provided the "exact" dates and times the extortion took place. The first ground in Petitioner's 2014 state habeas petition is the same as the first ground raised in his federal petition now before this Court.

The Superior Court determined that grounds 1, 2, and 4-6 were unexhausted because they had not been asserted in his administrative appeal. As to his third ground for relief, the Superior Court deferred to the judgment of the prison staff.

On September 12, 2014, Petitioner filed a petition with the Third District Court of Appeal, which summarily denied the petition on September 18, 2014.

In August 2016, Petitioner submitted another administrative appeal challenging the disciplinary hearing. Petitioner again asserted that his rights were violated when Robinson served as the officer who reviewed and approved his placement in administrative segregation during the investigation and as the senior hearing officer at the RVR hearing. The administrative appeal was cancelled on August 22, 2016, because Petitioner had exceeded CDCR's time limits for appealing from an RVR. Petitioner had thirty days to appeal after he received his final copy of the RVR, which was issued on February 13, 2013. Although Petitioner could have filed an administrative appeal of the cancellation decision, he did not.

On November 16, 2016, Petitioner filed a habeas petition in the Tuolumne County Superior Court, in which he again argued Robinson's participation violated his Due Process Rights. On December 16, 2016, the superior court denied the petition. The Court stated that Petitioner "previously filed a habeas corpus petition with this court raising this exact same issue in 2014," and denied Petitioner's petition as unexhausted, successive, and untimely.

On May 2, 2017 Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was summarily denied on May 4, 2017. On September 18, 2017, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, in which he claimed Robinson's participation in his RVR hearing violated his rights. On November 21, 2017, the California Supreme Court denied the petition, citing *In re Dexter*, 25 Cal. 3d 921, 925-26 (1979), for the proposition that "a habeas corpus petitioner must exhaust available administrative remedies."

Petitioner filed his petition for writ of habeas corpus with this Court on March 22, 2018. On June 13, 2018, Respondent moved to dismiss the petition as untimely, unexhausted, and procedurally defaulted.

## II.  Standard of Review

### A. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. *O'Bremski v. Maas*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); *Hillery v. Pulley*, 533 F. Supp. 1189, 1194, n. 12 (E.D.Ca. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. *Hillery*, 533 F. Supp. At 1194, n. 12.

4

Here, Respondent's motion to dismiss addresses Petitioner's failure to exhaust state court remedies and the effect of Petitioner's procedural default in state court. The relevant material facts are found in copies of the official records of the state judicial proceedings which have been provided by the parties and as to which there is no factual dispute. The Court will review Respondent's motion to dismiss pursuant to its authority under the Rule 4 of the Rules Governing Section 2254 Cases.

**B. <u>Legal Standard</u>**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). If any of grounds for collateral

5

relief set forth in a petition for habeas corpus are unexhausted, the Court must dismiss the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

### III. Procedural Default

#### A. Standard of Review for Procedural Default

A federal court cannot review claims in a petition for writ of habeas corpus if a state court denied relief on the claims based on state law procedural grounds that are independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements." *Park v. California*, 202 F.3d 1146, 1150 (2000).

A petitioner procedurally defaults his claim if he fails to comply with a state procedural rule or fails to raise his claim at the state level. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (citing *O'Sullivan v. Boerckel*, 562 U.S. 838, 844-45 (1999)). The procedural default doctrine applies when a state court determination of default is based in state law that is both adequate to support he judgment and independent of federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). An adequate rule is one that is "firmly established and regularly followed." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)); *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003). An independent rule is one that is not "interwoven with federal law." *Park*, 202 F.3d 1146 at 1152 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). When a state prisoner has defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

**B. State Court's Citation to *Dexter***

The California Supreme Court denied Petitioner's habeas petition with a citation to *Dexter*, 25 Cal.3d 921. In *Dexter*, the California Supreme Court declined to review a habeas petition because the petitioner failed to exhaust his available administrative remedies. Here, the Supreme Court's citation to *Dexter* in its order denying Petitioner's habeas petition means it did not reach the merits of Petitioner's claim because he failed to exhaust his administrative remedies. *See Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation."). District courts in California have consistently held that the denial of a habeas petition with citation to *Dexter* means the petitioner has not exhausted state court remedies. *See Herrera v. Gipson*, no. 2:12-cv-2982 TLN DAD P, 2014 WL 5463978, at *1-3 (E.D. Cal. Oct. 27, 2014) (collecting cases).

Here, Petitioner did not assert the claim that he was denied due process when Robinson served as the senior hearing officer and participated in the decision to place Petitioner in administrative segregation pending resolution of the investigation until his first state habeas petition. Petitioner did not raise the claim in his administrative appeal, and consequently, did not exhaust his administrative remedies. In light of the California Supreme Court's citation to *Dexter*, the Court concludes that Petitioner did not present his claim to the state's highest court, and thus has not satisfied the exhaustion requirement. Accordingly, the undersigned recommends that Respondent's motion to dismiss the petition be granted for failure to exhaust administrative remedies.

### C. Failure to Exhaust Administrative Remedies is an Independent and Adequate State Ground

This Court cannot consider Petitioner's claim if it was procedurally defaulted. California's administrative exhaustion rules is based solely on state law and is therefore independent of federal law. *See Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law."); Cal. Code Regs. tit. 15 § 3084(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.").

"California's administrative exhaustion rule has also been firmly established and has been regularly followed since 1941 and is therefore adequate to support judgment." *Stamos v. Davey*, Case No. 16-cv-4860-TEH, 2017 WL 412619, *2 (N.D. Cal. Jan. 31, 2017) (citing *Abelleira v. Dist. Ct. of App.*, 17 Cal.2d 280, 292 (1941) ("the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."); *Drake v. Adams*, No. 2:07-cv-00577-JKS, 2009 WL 2474826, *2 (E.D. Cal. Aug. 11, 2009) ("In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies. Thus, this doctrine appears to be well established and consistently applied")).

Here, the California Supreme Court's decision to deny the petition was expressly based on an independent and adequate state ground. Accordingly, the Court's review of Petitioner's claims is barred unless Petitioner can demonstrate cause and actual prejudice or a fundamental miscarriage of justice. However, Petitioner does not allege cause and actual prejudice or a fundamental miscarriage of justice; consequently, the undersigned recommends denying the claim.

## IV. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

9

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court should decline to issue a certificate of appealability.

**V.  Conclusion and Recommendation**

Based on the foregoing, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C □ 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned □Objections to Magistrate Judge's Findings and Recommendations.  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 20, 2018**          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE